1516

Enoch K. BERAHO, Appellant v. S.C. STATE COLLEGE and Johnny Green d/b/a Johnny's Auto Service, Respondents.

(394 S.E. (2d) 28)

Court of Appeals

SANDERS, C.J., concurred and filed opinion.

*Gerald F. Smith,* of *Svalina, Richardson & Smith,* Columbia, *for appellant.*

*Joseph C. Coleman,* Columbia, *for S.C. State College.*

*C. Bradley Hutto,* Orangeburg, *for Johnny Green.*

Submitted April 11, 1990.

Decided June 21, 1990.

*Per Curiam:*

Enoch K. Beraho sued S.C. State College and Johnny Green for conversion of Beraho's car and false imprisonment. The trial court directed a verdict in favor of both defendants on the false imprisonment claim finding, as a matter of law, that Beraho consented to the acts of Green and S.C. State. The jury returned a verdict in favor of both defendants on the conversion claim. Beraho appeals only the ruling on his false imprisonment claim. We affirm.

Beraho is a professor at S.C. State. S.C. State hired Green to tow Beraho's car, which was illegally parked. Before Green could do so Beraho drove his car away. Later, Beraho returned and parked legally. S.C. State again contacted Green, who returned and began hooking Beraho's car to a wrecker at the direction of a S.C. State campus police. Beraho got into the car, and Green proceeded to raise the car to tow it to his place of business. When Beraho realized the car was actually moving, he told the campus police officer he wanted to get out. Green towed the car to his place of business.

Beraho argues that the trial judge erred by holding as a matter of law that Beraho had consented to being towed away in his car.

> Every unlawful restraint of personal liberty is an imprisonment. . . . But force of some sort must be used, and it

must be a detention against the will . . . for if [the plaintiff] voluntarily place himself in a situation where another may lawfully do that which has the effect of restraining liberty, especially if he refuse to depart when he may, he cannot complain that he is unlawfully imprisoned against his will.

*Moses v. Dubois*, 23 S.C.L. (Dud.) 209, 211-212 (1838).

The record reveals that Beraho voluntarily placed himself in his car when Green was in the process of hooking it up to a towing wrecker. It was obvious at that time that Green intended to tow Beraho's car. By getting into the car Beraho consented to Green's and S.C. State's actions. Beraho did not get out of the car when he had the opportunity to do so. Under the facts of this case we find the trial judge was correct in holding as a matter of law that Beraho consented to the actions of Green and S.C. State.

Beraho argues further that S.C. State and Green were acting unlawfully when they towed his car. However no exception raises this issue. Furthermore, we note that even if S.C. State and Green were acting unlawfully, it is frequently recognized that consent of the plaintiff to acts which constitute an unlawful imprisonment will bar his right of recovery therefor. 32 Am. Jur. (2d) *False Imprisonment* Section 115 (1982).

SANDERS, Chief Judge (concurring):

I concur for the reasons stated in the opinion of the Court and for these additional reasons. Mr. Beraho voluntarily put himself in harm's way when he got in his car, knowing it was in the process of being towed. As a practical matter, he imprisoned himself. He now complains, in effect, that the defendants did not, instantly and on his command, stop what they were doing and unimprison him. It is undisputed that he was detained for only a few minutes. (The car was towed about a quarter of a mile.) People wait longer in their cars for trains to pass by. Somewhere, in the vast human experience, there must be an inconvenience so minimally damaging, so utterly trivial, so profoundly petty, that it should not give rise to a lawsuit. If so, this is it.